Elijah **PIERCE**

v.

**ALCOA STEAMSHIP CO., Inc.**

**No. 117 of 1961.**

United States District Court
E. D. Pennsylvania.

Oct. 13, 1965.

Arnold C. Grossman, Louis Samuel Fine, Fine, Staud & Silverman, Philadelphia, Pa., for libellant.

Thomas E. Byrne, Jr., and Mark D. Alspach, Krusen, Evans & Byrne, Philadelphia, Pa., for respondent.

GRIM, District Judge.

And now, this 13th day of October, 1965, upon pleadings and proof, the Court makes the following

## FINDINGS OF FACT

1. The libel is based upon injuries allegedly sustained by libellant while aboard respondent's vessel, the SS. ALCOA RUNNER, on March 20, 1959 and allegedly while employed thereon in the work of discharging bagged sugar.

2. On March 20, 1959, libellant was employed as a longshoreman by Jarka Corporation of Philadelphia, a stevedore contractor.

3. The testimony of libellant and the hospital records introduced at the trial indicate that the injuries for which this libel was brought were sustained sometime in the early afternoon of March 20, 1959.

4. The original Daily Working Reports of Charles Kurz Co., steamship agents for the SS. ALCOA RUNNER during its stay in the port of Philadelphia, establish that the work of discharging cargo on the SS. ALCOA RUNNER was completed at 12:15 a. m. on March 20, 1959 and that the cargo discharged during the ship's stay in Philadelphia was bulk sugar not bagged sugar.

5. William Reitze who, in March of 1959, was manager of the Vessel Agency Dept. for Charles Kurz Co., the steamship agent for the SS. ALCOA RUNNER, testified that the SS. ALCOA RUNNER departed from Philadelphia at approximately 1:40 a. m. on March 20, 1959.

6. Mr. Reitze testified that there were no facilities for discharging bagged sugar at the Philadelphia pier where the SS. ALCOA RUNNER was berthed in March of 1959.

1. Pa.Stat.Ann. Tit. 18 § 4901 (1963).

7. The original Payroll Records of Jarka Corporation of Philadelphia, libellant's employer, establish that on March 20, 1959, libellant was not working on the SS. ALCOA RUNNER but on another vessel, the SS. BAHIA DE NIPE.

8. At the time libellant sustained the injury which he described, he was not working aboard respondent's vessel, SS. ALCOA RUNNER. Rather, he was working aboard another vessel the SS. BAHIA DE NIPE.

9. Neither respondent's vessel, SS. ALCOA RUNNER, nor respondent, Alcoa Steamship Co., Inc., had any connection whatsoever with the accident and injury described by libellant.

Accordingly, the court enters the following

### CONCLUSION OF LAW

1. The libel will be dismissed with costs imposed on libellant.